IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ALVIN C. AMOUR, | : | |
| | : | |
| Claimant | : | |
| | : | |
| v. | : | CASE NO. 3:10-CV-73-CAR-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for supplemental security income, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. *Id.* If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.   **Did the ALJ err in determining Claimant's Residual Functional Capacity?**

II.  **Did the ALJ err in determining that there were jobs in the national economy that Claimant could perform?**

**Administrative Proceedings**

Claimant applied for supplemental security income (SSI) on April 25, 2006, alleging disability as of March 17, 2006, due to respiratory disorders, cardiac related illnesses and high blood pressure.  (Tr. 132; ECF No. 8.)  Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ").  The Claimant appeared before an ALJ for a video hearing on March 23, 2009, and following the hearing, the ALJ issued an unfavorable decision on June 19, 2009.  (Tr. 8-19.)  The Appeals Council ultimately denied Claimant's Request for Review on August 27, 2010.  (Tr. 1-4.)  This appeal followed.

**Statement of Facts and Evidence**

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since April 25, 2006.  (Tr. 10.)  The ALJ then found that Claimant had osteoarthritis of the right shoulder, coronary artery disease, status post myocardial infarction, status post transluminal coronary angioplasty, hypertension and hyperlipidemia, which he determined to be severe.  (*Id.*)  The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id*.)  The ALJ next found that Claimant had the residual functional capacity (RFC) to perform a range of light work.  (Tr. 12.)  The ALJ determined that Claimant could not perform his past relevant work, but that there were jobs that existed in significant numbers in the national

economy that he could perform. (Tr. 16.) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

**I.    Did the ALJ err in determining Claimant's RFC?**

Claimant first argues that the ALJ erred in determining his residual functional capacity ("RFC"). (Pl.'s Br. 6; ECF No. 9.) Specifically, Claimant contends that the ALJ erred in finding that he could perform a limited range of light work where he failed to give proper weight to the medical evidence provided by Claimant's treating physician. (*Id.*)

It is well settled that the opinion of a treating physician is entitled to substantial weight unless "good cause" exists for not heeding it. *Phillips v. Barnhart*, 357 F. 3d 1232, 1241 (11th Cir. 2004). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

The Regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2); *see* SSR 96-5p. A medical opinion provided by a claimant's

treating physician may be entitled to controlling weight if the ALJ finds "that the treating source's medical opinion is 'well-supported' by 'medically acceptable' clinical and laboratory diagnostic techniques.  The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion."   SSR 96-2p.  Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with other "substantial evidence" of record.  *Id.*  The weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source.  20 C.F.R. § 416.927(d).

Even if a medical opinion is not entitled to controlling weight, however, the opinion of a treating physician is entitled to substantial or considerable weight unless good cause exists for not heeding it.  *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985) (per curiam).  A physician qualifies as a "treating source" if the claimant sees the physician "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition(s)." 20 C.F.R. § 404.1502.  As stated above, if controlling weight is not given to a treating physician's opinion, the ALJ is required to give "good reasons" for the weight given to this opinion.  20 C.F.R. § 404.1527(d)(2).  Where the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are

supported by substantial evidence, there is no reversible error.  *See Moore v. Barnhart*, 405 F. 3d 1208, 1212 (11th Cir. 2005) (per curiam).

In this case, the ALJ did not give controlling weight to the opinions of Dr. Uddin, Claimant's treating cardiologist, and stated his reasons for doing so.  (Tr. 16.)   The ALJ stated that Dr. Uddin's opinions were given significant weight due to the length of his treating relationship with Claimant, but that he was not giving them controlling weight due to the "laconic" treatment notes which provided him "little insight to what limitations the Claimant's impairments place on him."  *Id.*   The ALJ based the decision on the evidence of record, including the treatment notes of Drs. Uddin, Kudela and Schrader, and the opinions of the non-examining state agency consultants, Drs. Suarez and Manlapas, whose opinions he gave probative value.  (Tr. 16; ECF No. 8.)  The ALJ further found that the symptoms and limitations as subjectively alleged by the Claimant were credible but "not to the extent that they substantially interefere with his capacity to perform basic work tasks on a sustained basis." (*Id.*)

It is clear that the ALJ stated specific reasons for not giving Dr. Uddin's opinion controlling weight, thereby complying with the Regulations, as found at 20 C.F.R. § 416.927(d)(2)-(6).   (*See* Tr. 14-18.) Furthermore, the record reveals that the ALJ provided good cause for failing to give the opinion of Dr. Uddin controlling weight. Consequently, the finding is supported by substantial evidence and not subject to remand. *See, e.g., Moore*, 405 F.3d at 1212.

**II.    Did the ALJ err in determining that there were jobs in the national economy that Claimant could perform?**

Claimant next argues that the ALJ erred in making his determination that there were jobs available to Claimant in the national economy. (Cl.'s Br. 11, ECF No. 9.) Specifically, he argues that because the Vocational Expert's (VE) testimony regarding what jobs he could do based on his RFC was incorrect, the ALJ erred in relying on that testimony. (*Id.*)

> First, Social Security Ruling 00-4p specifically states:
>
> Occupational Evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearing level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

In this case, because there was no "apparent conflict" between the VE's testimony and the DOT, the ALJ was not required under SSR 00-4p to elicit a "reasonable explanation" from the VE as to the supposed conflict. Furthermore, this Court has held that:

> > The question is whether remand is warranted when the conflict between the VE's testimony and the DOT is not identified during the hearing or in the ALJ's decision. The testimony of the vocational expert was unchallenged, as plaintiff was represented by counsel at the hearing and the VE was subject to cross examination. Courts that have considered this issue have refused to remand such cases. In short, the ALJ need not independently corroborate the VE's testimony and should be able to rely on such testimony where no apparent conflict exists with the DOT.

*Massey v. Astrue,* 2008 WL 623196 (M.D. Ga. 2008) (citations omitted).  Here, the ALJ properly relied on the testimony of the VE.  Claimant's attorney failed to utilize his right to cross examine the VE regarding any conflict between his testimony and the DOT.  Therefore, no error is found in the ALJ's reliance on the testimony of the VE.

As to his claim that the ALJ erred in relying on the VE's testimony in response to the hypothetical question which included his RFC, the Claimant is incorrect.  The VE's testimony that Claimant could perform work as an assembler of optical goods and information clerk was accepted and relied upon by the ALJ.[2]  (Tr. 17-19.)   Any inconsistency between the jobs of optical goods assembler and information clerk regarding "handling," or "gross manipulation" was resolved by the VE's testimony that a person with the ability to perform fine dexterity skills could perform these positions.  (Tr. 44.)

It is noted that the ALJ's finding that Claimant could perform work as an information clerk was in error based on his RFC finding that Claimant could only walk/stand for 30 minutes at a time for a total of three hours per day.  (Tr. 12, 18.)  The information clerk position requires the ability to walk/stand for 6 hours in a day pursuant to the DOT.  However, the Court of Appeals for the Eleventh Circuit has stated that an incorrect application of the regulations is harmless error when the correct application would not contradict the ALJ's ultimate findings.  *See Caldwell v. Comm'r of Soc. Sec.*, 2008 WL 60289 at *2 (11th Cir. 2008).  In this case, even though the ALJ's finding that

---

[2] The ALJ rejected the VE's testimony regarding the job of bench hand because the DOT code for the bench hand position did not exist.  (Tr. 18.)

Claimant could perform the job of information clerk was error, it does not change the ultimate and proper finding that Claimant could perform some work which exists in significant numbers in the national economy.  As such, remand would be futile because the ALJ's ultimate finding that Claimant was not disabled would not change even if the job of information clerk were removed.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be AFFIRMED.  Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 30th day of September, 2011.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE